## SIENI EUTA, Plaintiff

### v.

## RINI ETIMANI, CONTINENTAL TRANSPORT SERVICES, and INSURANCE COMPANY OF THE PACIFIC, Defendants

High Court of American Samoa
Trial Division

CA No. 134-91

November 29, 1993

Before RICHMOND, Associate Justice, and VAIVAO, Associate Judge.

Counsel: For Plaintiff/Appellee, Marshall Ashley
For Defendants/Appellants Rini Etimani and Continental Transport Services, Afoa L. Su'esu'e Lutu
For Defendant/Appellant Insurance Company of the Pacific, Roy J.D. Hall, Jr.

Order Granting in Part Motions to Stay Execution of Judgment Pending Appeal:

Defendants/appellants' motions to stay execution of the judgment pending appeal of this action came regularly for hearing on November 16, 1993. For purposes of these motions, plaintiff/appellee appeared by her counsel, and all three defendants/appellants appeared by counsel Roy J.D. Hall, Jr.

 These motions were properly made in the first instance in this court. A.C.R. Rule 8(a). A judgment cannot be stayed pending appeal except by court order for cause shown. A.S.C.A. § 43.0803; T.C.R.C.P. Rule 62(a); *Asifoa v. Lualemana*, 17 A.S.R.2d 10, 12 (App. Div. 1990). Under T.C.R.C.P. Rule 62(d), the court has discretion to stay a judgment pending appeal when a bond or undertaking is given. *See Asifoa*, 17 A.S.R.2d at 12; *see also* Fed. R. Civ. P. Rule 62(d).

 This decision depends partly on weighing the harm to the party prevailing at the trial if a stay is granted and the hardship to the losing party if a stay is not granted, often called the "balance of equities," and partly on the likelihood of success on appeal. *Asifoa*, 17 A.S.R.2d at 13; *In re Matai Title Mulitauaopele*, 17 A.S.R.2d 71, 73 (Land & Titles Div. 1990).

 Equity factors to consider when the judgment is solely for the recovery of money may include: (1) the complexity of the collection process; (2) the time it may take to collect a judgment after affirmance on appeal; (3) the availability of funds to pay the judgment; and (4) the ability to pay the judgment. *See Olympia Equip. Leasing Co. v. Western Union Tel. Co.*, 786 F.2d 794, 796 (7th Cir. 1986).

 Defendants/appellants' success on appeal is highly improbable. The issues raised are largely, if not exclusively, related to the findings of fact. Those findings will not be set aside on appeal unless they are clearly erroneous. A.S.C.A. § 43.0801(b); *Uiagalelei v. Ulafale*, 17 A.S.R.2d 158, 160 (App. Div. 1990); *Moea'i v. Alai'a*, 12 A.S.R.2d 91, 92 (1989). The evidence in support of those findings is, in our view, sufficient.

 Concerning the equities, on the one hand, plaintiff/appellee is certainly entitled to expeditiously recover and presently enjoy her judgment, obtained some three years after this serious and inexcusable accident. Losing litigants should not be encouraged to bring hopeless

appeals simply to delay a judgment's effect. However, plaintiff/appellee's best interest is also to be able to readily collect her judgment. The negative effects of further delay can be at least partially neutralized by an undertaking and post-judgment interest.

On the other hand, defendant/appellant Continental Transport Services is one of the major aiga bus companies providing public transportation in American Samoa and could effectively use proper accounting procedures to accommodate this expense. However, it does not have unlimited financial resources. Moreover, at the hearing on this motion, defendant/appellant Insurance Company of the Pacific offered to immediately pay $10,000 of the judgment, its maximum statutory liability in this case.

Considering these circumstances, as they relate to the elements of both the probability of success on appeal and the equities, execution of the amount of the judgment in excess of $10,000 will be stayed, effective when the following two conditions are met.

1. Defendant/appellant Insurance Company of the Pacific has paid its $10,000 share of the judgment to plaintiff/appellee.

2. Defendant/appellant Continental Transport Services has deposited with the clerk of courts a bond or undertaking, with one or more sureties approved by the court, in double the amount of the judgment unless the surety is a corporate surety insurer authorized to do business in American Samoa, in which event the amount shall be one and one-half times the amount of the judgment. The bond or undertaking shall be on the condition that if the judgment, or any part of it, is affirmed or the appeal is withdrawn or dismissed, and if defendant/appellant Continental Transport Services is ordered to pay the judgment, or any part of it, and fails to pay the entire amount, including post-judgment interest and costs, within 30 days after the filing of the remittitur from the Appellate Division, the surety(ies) shall forthwith pay the entire amount then owing, not to exceed the amount of the bond or undertaking, and liability on the bond or undertaking may be immediately enforced. In accordance with A.C.R. Rule 8(a), the bond or undertaking shall also stipulate that, with respect to liability on the bond or undertaking, each surety is subject to the jurisdiction of the Trial Division and that the clerk of courts is irrevocably appointed as each surety's agent for service of process and other papers.

Defendants/appellants shall have 60 days from the entry of this order to meet the two conditions required to implement the stay of execution of the judgment pending appeal. During this 60-day period, plaintiff/appellee is enjoined from execution of her judgment. If defendants/appellants fail to meet the two conditions required to implement the stay of execution of the judgment pending appeal, this entire order shall terminate, and plaintiff/appellee may proceed with execution of her judgment.

It is so ordered.